UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN


ANN SWANSON,
       Plaintiffs,
vs.

SQUARE TWO FINANCIAL COMMERCIAL
FUNDING CORPORATION,
a foreign corporation,
CACH, LLC,
a foreign limited liability company,
EXPERIAN INFORMATION SOLUTIONS, INC.
a foreign corporation,
TRANS UNION LLC,
a foreign limited liability company,
EQUIFAX INFORMATION SERVICES, LLC,
a foreign limited liability company,
jointly and severally,
       Defendants.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COME THE PLAINTIFFS THROUGH COUNSEL, NITZKIN AND**

**ASSOCIATES, BY GARY D. NITZKIN**, and for their Complaint against the Defendants,

plead as follows:


## JURISDICTION

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15

    U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

1

**VENUE**

3.  Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants

conduct business in Michigan, have registered office in Michigan or a substantial part of

the events or omissions giving rise to the claims herein occurred in Michigan.

**GENERAL ALLEGATIONS**

4.   In December 20, 2010, the plaintiff received a telephone call and letter from several

credit providers revoking her credit due to an adverse item on her credit report.

5.  On December 29, 2010 the plaintiff pulled copies of her credit reports and discovered

that Defendant Cach LLC and reported delinquent account on her credit report incorrectly

("Disputed Trade Line").

6.  The disputed trade line relates to a credit card account at plaintiffs prior employer had

given to her to use for business.

7.  The Plaintiff was merely an authorized user on that credit card that is related to the

Disputed Trade Line.

8.  Upon information and belief, Defendant Cach LLC has been acquired by co-defendant

Square Two Financial Commercial Funding Corporation ("Square Two" collectively

"Furnishers").

9.  December 29, 2010 the Plaintiff attempted to contact Defendant Cach LLC with respect

to the Disputed Trade Line but no one would assist her.

10. On that same date she wrote a letter to Experian, Trans Union, Equifax (collectively "the

Credit Reporting Agencies) and to Cach LLC, disputing the Disputed Trade Line.

11. In January of 2011, the plaintiff received response letters from the three Credit Reporting Agencies in which each had confirmed the Disputed Trade Line placed on her credit report by Cach LLC.

12. In February 7, 2011, the Plaintiff, through other counsel, posited a dispute again to the Disputed Trade Line with all three credit reporting agencies.

13. On April 4, 2011 the plaintiff received a communication from Experian stating that it had again verify the accuracy of the Disputed Trade Line and would not investigated again.

14. To date the plaintiff is not heard from the other two credit reporting agencies.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANTS CACH, LLC AND SQUARE TWO

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16.  After being informed by the Credit Reporting Agencies that the Plaintiff disputed the accuracy of the Disputed Trade Line reported by it, Cach and/or Square Two were each required to conduct an investigation into each of the Plaintiff's consumer dispute.

17. Each Furnisher negligently failed to conduct a proper reinvestigation into the Plaintiff's dispute as required by 15 USC 1681s-2(b).

18. Each Furnisher negligently failed to review all relevant information available to it and provided by each of the Credit Reporting Agencies in conducting their respective reinvestigations as required by 15 USC 1681s-2(b).

19. Each Furnisher negligently failed to direct the Credit Reporting Agencies to delete the inaccurate information as reflected in the Disputed Trade Line about the Plaintiff as required by 15 USC 1681s-2(b)(1)(c).

20. As a direct and proximate cause of each Furnisher's negligent failure to perform its respective duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

21. Each Furnisher is liable to the Plaintiff by reason of its respective violation of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. The Plaintiff has a private right of action to assert against each Furnisher under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendants Cach LLC and Square Two, jointly and severally, for actual damages, costs, interest and attorneys' fees.

**COUNT II**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY DEFENDANTS CACH, LLC AND SQUARE TWO**

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by the credit reporting agencies that the Plaintiff disputed the accuracy of the Disputed Trade Line, Defendant Furnishers willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

25. Each Furnisher willfully failed to review all relevant information available to it and provided by each of the Credit Reporting Agencies as required by 15 USC 1681s-2(b).

4

26. Indeed, each Furnisher knew or should have known at the time that it had received the Plaintiff's consumer dispute from the Credit Reporting Agencies, that the Plaintiff owed no money or any obligation of any sort to either one of them, ever.

27. Each Furnisher willfully failed to direct the Credit Reporting Agencies to delete the Disputed Trade Line as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of each Furnisher's willful failure to perform its duties under the FCRA, the Plaintiff have suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

29. Each Furnisher is liable to the Plaintiff for either statutory damages or actual damages she has sustained by reason of their respective violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys fees that she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendants Cach LLC and Square Two, jointly and severally, for actual damages, statutory damages, exemplary damages, punitive damages, costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY DEFENDANT CREDIT REPORTING AGENCIES.

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Credit Reporting Agencies each prepared, compiled, issued, assembled, transferred, published and otherwise reproduced a consumer report regarding the Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contain information about the Plaintiff that was false, misleading and inaccurate.

33. Each Credit Reporting Agency negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

34. Each Credit Reporting Agency negligently failed to conduct a reasonable reinvestigation into the Plaintiff's consumer dispute as required by 15 USC 1681i(a)(1)(A).

35. As a direct and proximate cause of each Credit Reporting Agencies' negligent failure to perform its respective duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

36. Each Credit Reporting Agency is liable to the Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against each

Credit Reporting Agencies for actual damages, costs, interest and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY DEFENDANT CREDIT REPORTING AGENCIES.

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Each Defendant Credit Reporting Agency prepared, compiled, issued, assembled,

    transferred, published and otherwise reproduced consumer reports regarding the Plaintiff

    as that term is defined in 15 USC 1681a.

39. Such reports contained information about plaintiff that was false, misleading and

    inaccurate.

40. Each Credit Reporting Agency willfully failed to maintain and/or follow reasonable

    procedures to assure maximum possible accuracy of the information that it reported to

    one or more third parties pertaining to the plaintiffs, in violation of 15 USC 1681e(b).

41. Each Credit Reporting Agency willfully failed to conduct a reasonable reinvestigation

    into the Plaintiff's consumer dispute as required by 15 USC 1681i(a)(1)(A).

42. As a direct and proximate cause of each Credit Reporting Agencies' willful failure to

    perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental

    anguish and suffering, humiliation and embarrassment.

43. Each Credit Reporting Agency is liable to the Plaintiffs by reason of its violations of the

    FCRA in an amount to be determined by the trier fact together with her reasonable

    attorneys' fees that she may recover therefore pursuant to 15 USC 1681n.

7

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against each Credit Reporting Agency for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

May 6, 2011

/s/ Gary Nitzkin
GARY D. NITZKIN (P 41155)
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Email – gnitzkin@creditor-law.com